**Carrie DIERSING'S EX'R (August L. Diersing), Appellant,**

v.

**Henry BRAMER et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 9, 1955.

Rehearing Denied Feb. 24, 1956.

Peter B. Muir, L. R. Schmid, Louisville, for appellant.

J. Darlington Raine, Roger Vincent, Louisville, for appellees.

WADDILL, Commissioner.

On the night of January 16, 1952, Carrie Diersing, age 73, was struck and killed by an automobile driven by Edward Bramer as she attempted to cross Cane Run Road. The executor of Mrs. Diersing's estate brought this action against Edward Bramer and his father, the owner of the car, to recover damages for her alleged wrongful death. Upon trial, a verdict was returned for the Bramers, and this appeal is from the judgment entered upon that verdict.

Appellant urges that (1) the verdict is flagrantly against the evidence, and (2) the court erred in instructing the jury. Appellees contend that the court should have directed a verdict in their favor because the evidence was insufficient to show that Edward Bramer was negligent on the occasion in question. We shall immediately consider the contention asserted by the appellees, for in the event the ground urged is meritorious, we do not reach the questions raised by the appellant.

There were four eyewitnesses to the accident, three of whom were passengers in Bramer's car. The other eyewitness was Mrs. Fanna Elrod who was operating her car south on Cane Run Road and approaching the Bramer automobile which was traveling north. There was no dispute as to how the accident occurred. The witnesses who saw the accident testified that Mrs. Diersing suddenly walked in front of the Bramer car. In effect, their testimony conclusively shows that there was no negligence on the part of Edward Bramer.

The evidence upon which appellant relies to establish that Bramer was negligent was certain skid marks found on the road which were made by Bramer's car. Appellant insists that these physical facts tend to show that Bramer was speeding and did not have his automobile under proper control. However, under the evidence, we cannot find any basis for such a conclusion. The testimony of all the eyewitnesses reveals that Bramer was operating his car on the right side of the road at a speed which was lawful and reasonable under the circumstances. These witnesses also testified that Bramer applied his brakes in an effort to avoid striking Mrs. Diersing when she suddenly appeared in the path of his car. Thus, in this case, the physical facts tend to support the testimony offered in behalf of the appellees.

Our review of the case impels us to say there is insufficient evidence of negligence to submit the case to the jury. Ashland Oil & Refining Co. v. Brashear, Ky., 251 S.W.2d 288; Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877. Therefore, we affirm the judgment on the ground that appellees were entitled to a directed verdict in their favor.

Judgment affirmed.